# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON LOPEZ,<br><br>                        Petitioner,<br><br>v.<br><br>PAT L. VAZQUEZ, Warden,<br><br>                        Respondent. | Case No. 16cv2612-BTM (MDD)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) DENYING PETITION FOR A WRIT OF HABEAS CORPUS; and**<br><br>**(3) ISSUING A CERTIFICATE OF APPEALABILITY** |

    Petitioner Ramon Lopez is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his convictions from the San Diego County Superior Court for committing lewd acts on a child under the age of fourteen in violation of California Penal Code § 288(a), claiming in his Petition that there is insufficient evidence that he touched the victim with the intent to become sexually aroused, and that the jury was improperly instructed that: "Actually arousing, appealing to, or gratifying the lust, passions, or sexual desires of the perpetrator or the child is not required" for a conviction. (Id. at 6-7.) Petitioner added a

1

claim in his Traverse alleging that California Penal Code § 288(a) is unconstitutionally vague because it criminalizes any touching of a child. (ECF No. 10.)

Presently before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Mitchell D. Dembin. (ECF No. 11.) The Magistrate Judge recommends denying habeas relief based on a finding that the adjudication by the state court of the claims in the Petition is neither contrary to, nor involves an unreasonable application of, clearly established federal law. (R&R at 9-22.) The Magistrate Judge declined to consider the claim raised in the Traverse because Petitioner had been instructed at the beginning of the case that "[g]rounds for relief withheld until the traverse will not be considered." (R&R at 12 n.1.) Petitioner has filed objections to the R&R in which he requests this Court conduct a de novo review of the findings and conclusions of the Magistrate Judge, reject them, grant habeas relief, and issue a Certificate of Appealability. (ECF No. 16.)

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has conducted a de novo review of the R&R and adopts in full the detailed and well-reasoned findings and conclusions of the Magistrate Judge. Petitioner is not entitled to federal habeas relief as to any claim presented in the Petition for the reasons set forth in the R&R. The Court declines to exercise its discretion to address the claim raised for the first time in the Traverse that California Penal Code § 288(a) is unconstitutionally vague, because it was raised after the Answer was filed, there is no indication it was presented to the state court, and it lacks merit. See e.g. Shumate v. Newland, 75 F.Supp.2d 1076, 1084-85 (N.D. Cal. 1999) (rejecting claim).

The Court issues a Certificate of Appealability as the claims presented in the Petition. The Court declines to issue a Certificate of Appealability as to the claim raised

in the Traverse because Petitioner has not shown that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**CONCLUSION AND ORDER**

The Court **ADOPTS** the findings and conclusions of the Magistrate Judge as set forth above, **DENIES** the Petition for a writ of habeas corpus, and **ISSUES** a Certificate of Appealability as to all claims presented in the Petition. The Clerk shall enter judgment accordingly.

DATED: July 10, 2017

BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE